John L. Beers (State Bar No. 70117)
Christina M. Kotowski (State Bar No. 197266)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, CA 94111-3712
Phone: (415) 490-9000
Fax:    (415) 490-9001
Email: jbeers@laborlawyers.com
       ckotowski@laborlawyers.com

Rosemary S. Gousman (Admitted Pro Hac Vice)
FISHER & PHILLIPS LLP
580 Howard Avenue
Somerset, NJ  08873
Phone: (732) 560-7100
Fax:    (732) 560-0788
Email: rgousman@laborlawyers.com

Attorneys for Plaintiff and Counterdefendant
BAYER HEALTHCARE PHARMACEUTICALS INC.

Andrew M. Wolfe (State Bar No. 114076)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA  94105
Phone: (415) 543-4800
Fax:    (415) 972-6301
Email: awolfe@ropers.com

Attorneys for Defendant and Counterclaimant
FRANCO PASQUALE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC., a Delaware corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>FRANCO PASQUALE, an individual,<br><br>    Defendant and Counterclaimant. | Civil Action No. C06-07043 JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     1
C06-07043 JSW

Bayer HealthCare Pharmaceuticals Inc. and Franco Pasquale, through their respective attorneys of record, recognize that certain records, documents and information to be produced by the parties in this case pursuant to discovery may contain private, confidential and/or proprietary information and trade secrets that must be protected. The parties therefore stipulate as follows:

1. Good cause exists for a stipulated protective order under Federal Rule of Civil Procedure 26(c), in that:

    a. Franco Pasquale worked for Berlex, Inc. (now Bayer HealthCare Pharmaceuticals Inc.) as Associate Director of Inventory Services, giving him access to supply chain logistics information and detailed confidential and proprietary information concerning pharmaceutical products, manufacturing processes, suppliers, and customers that may be considered trade secrets under the common law of the State of New Jersey or as defined in the Uniform Trade Secrets Act (USTA), and/or may be protected by U.S. and foreign patents. Mr. Pasquale now works for Genentech, Inc., a competitor of Bayer HealthCare Pharmaceuticals, as a Senior Manager, Manufacturing Collaborations, and there is the potential for improper disclosure of information obtained in discovery from Bayer HealthCare Pharmaceuticals Inc. to Genentech, Inc. Such disclosure could put Bayer HealthCare Pharmaceuticals Inc. at a competitive disadvantage and infringe on its intellectual property rights.

    b. The parties anticipate that certain documents, communications and other information produced in discovery will contain private and confidential information relating to third parties, including but not limited to personnel files, compensation amounts and other employment information relating to current and former employees of Bayer HealthCare Pharmaceuticals Inc., and a mechanism is needed to allow for discovery and disclosure while protecting third parties' privacy rights under the laws of the States of California and New Jersey, as applicable.

2. For purposes of this Stipulated Protective Order, the term "Confidential Information" means information relating to: (a) supply chain logistics information and other

---

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     2
C06-07043 JSW

confidential or proprietary information concerning pharmaceutical products, manufacturing processes, suppliers, and customers of Bayer HealthCare Pharmaceuticals Inc. (formerly Berlex, Inc.); (b) personnel files, compensation amounts and other private information relating to current and former employees of Bayer HealthCare Pharmaceuticals Inc. other than Franco Pasquale; and (c) any other information that the producing party in good faith deems proprietary or sensitive.

3. "Confidential Information" does not include documents or other information publicly available or obtained by a party through independent means, including via private investigation or subpoena to any government agency or a nonparty.

4. Any party may designate as "Confidential" any pleading, document, testimony, or other discovery material that contains Confidential Information as described in paragraph 2. No designation shall be made unless counsel of record believes in good faith that the designated material is in fact Confidential. An inadvertent failure to designate qualified items or material, if promptly corrected, shall not waive the designating party's right to secure protection for such items or material under this Stipulated Protective Order.

5. A party may designate documents as Confidential by affixing a "CONFIDENTIAL" legend on each page that contains protected material, or by providing written notice to the other party that specifically identified documents, or groups of documents, are to be considered Confidential. A party may designate all or part of the oral testimony of any witness as Confidential either by (a) orally designating the testimony as Confidential during the deposition or hearing, and requesting the reporter to mark the beginning and end of the testimony so designated and separately bind the Confidential portion(s); or (b) by giving written notice to all counsel of record of the specific pages and lines of the transcripts to be designated Confidential within fifteen (15) days of service of the transcript by the court reporter.

6. A party may challenge the designation of documents or testimony as Confidential by first meeting and conferring with counsel for the producing party in a good faith effort to resolve the dispute, and if necessary thereafter by seeking relief from the Court

1     by filing a motion in accordance with Civil Local Rule 7 (and Civil Local Rule 79-5, as applicable). Pending a determination by the Court as to the appropriateness of the Confidential designation, all parties will treat the material in question as Confidential.

        7.     Material designated as Confidential pursuant to this Stipulated Protective Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from Confidential Information shall be used only for purposes of this litigation and not for any business or other purpose, including but not limited to any other litigation.

        8.     Except as provided below, Confidential Information may be disclosed only to the following categories of persons:

            (a)     Parties, counsel of record for any party to this action, and the employees of counsel;

            (b)     Experts and consultants (including independent experts and independent consultants, their employees and clerical assistants) who are employed, retained, or otherwise consulted by any counsel of record for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in this litigation.

            (c)     The Court and its staff.

            (d)     Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for purposes of this litigation.

            (e)     During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

            (f)     The author of the document or the original source of the information.

        9.     Confidential Information produced during the course of this litigation shall not be disclosed to any person under paragraphs 6(b), (d) and (e), unless that person has agreed to be bound by the terms of this Stipulated Protective Order by executing the acknowledgment set forth in Exhibit 1.

        10.     Confidential Information submitted to the Court in conjunction with motions or other Court proceedings may only be filed under seal, subject to the requirements of Civil

1  Local Rule 79-5, or after obtaining written permission from the designating party or a court
2  order secured after appropriate notice to all interested persons.
3       11.     Unless otherwise ordered or agreed in writing by the parties, counsel must return
4  all Confidential Information within 30 days of the final disposition of this action or certify that
5  it has been destroyed and no copies, abstracts, compilations or summaries have been retained.
6       12.     Nothing in this Stipulated Protective Order shall prevent any party from seeking
7  its modification by the Court in the future. In addition, nothing in this Stipulated Protective
8  Order shall be deemed a waiver of any party's right to object to any discovery request on any
9  ground; to seek an order compelling a response to any discovery request; to object to the use in
10 evidence of any material covered by the Stipulated Protective Order; or to restrict the
11 designating party's use of its own documents.

12      IT IS SO STIPULATED.

13 Dated: May 10, 2007                FISHER & PHILLIPS LLP

15                                   By: ___/s/_____
                                        Christina M. Kotowski
16                                      Attorneys for BAYER HEALTHCARE
                                        PHARMACEUTICALS INC.

18 Dated: May 10, 2007                ROPERS, MAJESKI, KOHN & BENTLEY

20                                   By: ___/s/_____
                                        Andrew M. Wolfe
21                                      Attorneys for FRANCO PASQUALE

23                                 **ORDER**

24      Pursuant to stipulation, and good cause appearing, IT IS SO ORDERED.

25 Dated: May 11, 2007              _____/s/ Jeffrey S. White_____
                                        Hon. Jeffrey S. White
26                                      U.S. District Judge

---

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER                                                5
C06-07043 JSW

# EXHIBIT 1

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

## AND AGREEMENT TO BE BOUND

I do solemnly swear and affirm that I have been provided with a copy, and am fully familiar with the terms of, the Stipulated Protective Order in *Bayer HealthCare Pharmaceuticals Inc. v. Franco Pasquale,* U.S. District Court for the Northern District of California Civil Case No. C06-07043 JSW.  I agree to comply with and be bound by the terms and conditions of the Stipulated Protective Order and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt by the Court.  I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

SIGNATURE: _____

PRINTED NAME: _____

DATE: _____

CITY AND STATE WHERE SWORN AND SIGNED: _____